UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Karen Harvey,  )  <br> ) <br> Plaintiff,  ) <br> ) <br> vs.  ) <br> ) <br> GGM Auto Sales, LLC,  ) <br> ) <br> Defendant.  ) | C/A No.: 2:21-cv-02798-BHH <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

1. This is an action brought by Plaintiff, Karen Harvey, for actual and statutory damages, compensatory damages, punitive damages, treble damages, and attorneys' fees and costs for Defendant's violations of the Motor Vehicle Information and Costs Savings Act, 49 U.S.C. §32701, *et seq.*, the Magnuson-Moss Warranty Act, 15 U.S.C. §2310, the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10, *et seq.*, the South Carolina Dealer's Act, S.C. Code Ann. §56-15-10, *et. seq.*, the South Carolina Uniform Commercial Code, S.C. Code Ann. §36-2-608, and South Carolina common law as set forth herein.

## JURISDICTION AND VENUE

2. This Court has Jurisdiction under 49 U.S.C. §32709 and 28 U.S.C. §1331 and §1367. Venue is proper in the Charleston District as Plaintiff is a resident of Charleston, South Carolina, Defendant is located in North Charleston, South Carolina, and the actions that form the basis of Plaintiff's Complaint occurred within the Charleston District.

## PARTIES

3. Plaintiff Karen Harvey is a resident and citizen of the state of South Carolina, Charleston

1

County, and is over the age of twenty-one (21) years.

4. Defendant GGM Auto Sales, LLC ("GGM") is a South Carolina corporation that may be served with process by way of its registered agent, Lurline Logan, 969 A Harbor View Rd., Charleston, SC 29412. Defendant is a dealer as that term is defined by 49 U.S.C. §32702 and S.C. Code Ann. §56-15-10.

## FACTUAL ALLEGATIONS

5. On or about March 19, 2021, Plaintiff purchased a 2011 GMC Yukon XL, Vin Number 1GKS1HE07BR239254 from Defendant. Plaintiff financed said purchase and paid $1,500.00 as a down payment.

6. Defendant represented to Plaintiff that the vehicle had 193043 miles on it. This representation was made on both the Buyer's Order provided to Plaintiff, as well as an Odometer Disclosure Statement given to Plaintiff at the time of purchase. A copy of said disclosure statement is attached hereto as Exhibit "A".

7. In the documentation provided to Plaintiff at the time of purchase of the vehicle, Defendant attempted to disclaim all implied warranties.

8. With the vehicle, Defendant sold Plaintiff a service contract from CARS Protection Plus.

9. After purchase of the vehicle, Plaintiff made her first three payments, each in the amount of $284.51. These payments were made to Lendmark Financial.

10. After having made her third payment, Plaintiff received notice from the South Carolina DMV that it was unable to provide tags for the vehicle as it had determined that there was an odometer discrepancy.

11. Plaintiff immediately made this discrepancy known to Defendant. In response, Defendant requested that Plaintiff sign an exemption form to allow for the odometer discrepancy to exist

moving forward. Plaintiff refused to sign such a form.

12.     After Plaintiff refused to sign the exemption form, Defendant began to harass Plaintiff by way of rude voicemails in order to get her to come in and sign the exemption form and/or return the vehicle. This harassment included threats that Defendant was going to report the vehicle as stolen, as well as report a repossession to Plaintiff's credit report. In response, Plaintiff stated that she would turn the vehicle in if Defendant agreed to refund her $1,500.00 down payment. Defendant refused to make said refund, stating that she could have the car if she would only sign the mileage exemption form and, since she refused to sign it, Defendant would not return her down payment.

13.     On or about July 27, 2021, without written notice, Defendant repossessed Plaintiff's vehicle.

14.     Due to no longer having a vehicle, Plaintiff was immediately fired from her job after having her vehicle suddenly repossessed as she was unable to go into work.

15.     Undeterred, and upon information and belief, Defendant immediately began to market the vehicle again after repossession of same. In said marketing, Defendant stated that the vehicle had 198,860 miles on it.

16.     In actuality, the odometer reading that Defendant asserted as accurate upon sale of the vehicle to Plaintiff, as well as the 198,860 miles reading that Defendant asserted as accurate upon repossession of same and its marketing thereafter, are both inaccurate, a fact that is known to Defendant.

17.     Per the South Carolina Department of Motor Vehicles, the last recorded transfer of title on the vehicle prior to Defendant coming into possession of same was made on February 23, 2020. The assignment of title information set forth therein stated that the vehicle had 200,000 miles on

it at the time of that transfer. A copy of said title information is attached hereto as Exhibit "B".

18. Upon information and belief, it was this discrepancy that precluded the South Carolina DMV from being able to provide a tag on the vehicle.

19. Despite knowledge as to the inaccurate odometer, Defendant sold, and continues to attempt to sell, the vehicle with an inaccurate odometer reading while purporting same is accurate.

## COUNT ONE
### Violation of the Motor Vehicle Information and Costs Savings Act

20. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 19 as if set forth fully herein.

21. Defendant violated the MVICSA by making an odometer disclosure which contained false statements and providing same to Plaintiff.

22. Defendant's actions were done with an intent to defraud Plaintiff and with an intent to violate the MVICSA. Said intent was evidenced by, without limitation, Defendant repossessing Plaintiff's vehicle and then advertising same for sale once more with a fraudulent odometer reading.

23. Due to Defendant's violations of the MVICSA, Defendant is liable to Plaintiff in the amount of three times her actual damages or the minimum statutory damage of $10,000.00, whichever is greater, as well as attorneys' fees and costs.

24. Due to Defendant's violations of the MVICSA, Plaintiff has suffered out of pocket loss, including the loss of her down payment of $1,500.00 and the monthly payments made by her towards the vehicle, has been caused to lose her job and has suffered lost wages due to same, and has suffered worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish for which she seeks damages.

## COUNT TWO
### Violation of the Magnuson-Moss Warranty Act

25.     Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 24 as if set forth fully herein.

26.     Defendant's conduct evidences breach of the implied warranties of merchantability. A vehicle with an inaccurate odometer reading does not pass without objection in the trade.

27.     Accordingly, Defendant's conduct is a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §2310(d)(1).

28.     Any alleged disclaimer of warranties is precluded by the Magnuson-Moss Warranty Act as Defendant sold Plaintiff a service contract.

29.     Due to Defendant's violations of the Magnuson-Moss Warranty Act, Plaintiff has suffered actual damages for which she seeks compensation, which include, but are not limited to, the amount paid for the vehicle, loss of wages, physical sickness, loss of sleep, worry, aggravation, stress, humiliation, anxiety, anger, fear, frustration, inconvenience, and mental suffering. Plaintiff has suffered incidental and consequential damages, for which she seeks compensation, due to Defendant's violations of the Magnuson-Moss Warranty Act.

30.     Plaintiff is entitled to an award of attorneys' fees and costs due to Defendant's violations of the Magnuson-Moss Warranty Act. 15 U.S.C. §2310(d)(2).

### COUNT THREE
### Violation of the South Carolina Unfair Trade Practices Act

31.     Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 30 as if set forth fully herein.

32.     Defendant's conduct amounts to unfair methods of competition and unfair and deceptive acts or practices in the conduct of trade or commerce as defined by South Carolina Code §39-5-10, *et. seq.* (As amended). Defendant knowingly, willfully, unfairly, deceptively, and/or

negligently engaged in unfair and deceptive practices, as described herein.

33. Moreover, Defendant's violations of the Magnusson-Moss Warranty Act and the South Carolina Dealer act, as described herein, are per se violations of the South Carolina Unfair Trade Practices Act.

34. Defendant falsely represented the mileage of the vehicle when selling same to Plaintiff.

35. Plaintiff further alleges that the actions of the Defendant are a threat to the public interest and that the actions of Defendant exhibit the potential for repetition. This potential for repetition is evidenced by, without limitation, Defendant marketing the vehicle after repossessing the same and continuing to use an inaccurate odometer reading in said marketing.

36. The Plaintiff has suffered an ascertainable loss due to the unlawful actions of Defendant and is entitled, under § 39-5-140, to recover actual damages in an amount to be proven at trial, treble said actual damages for Defendant's knowing and willful behavior, and an award of reasonable attorney's fees and costs.

37. Defendant's use or employment of unfair and/or deceptive methods, acts, and practices caused Plaintiff to suffer worry, humiliation, fear, loss of sleep, anxiety, nervousness, physical sickness, physical pain and mental anguish. Additionally, Plaintiff suffered out of pocket losses, including but not limited money paid on the vehicle and lost wages. Defendant's use or employment of unfair or deceptive methods, acts, and practices was willful, wanton, and knowing. Therefore, Plaintiff is informed and believes that she is entitled to an award of three (3) times the actual damages sustained. Plaintiff is also entitled to attorneys' fees and costs.

## COUNT FOUR
### Violation of the South Carolina Dealer's Act

38. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained

herein, all of the allegations set forth in paragraphs 5 through 37 as if set forth fully herein.

39.  Defendant engaged in conduct that is unfair and deceptive. Specifically, the actions complained of herein are unconscionable and have caused severe and substantial damages to Plaintiff.

40.  Defendant acted in bad faith when it provided Plaintiff with a false odometer disclosure and thereafter attempted to threaten and/or bully Plaintiff into signing an exemption form.

41.  Defendant's actions are unlawful pursuant to S.C. Code Ann. §56-15-30.

42.  Due to Defendant's violations of S.C. Code Ann. §56-15-10, et seq., Plaintiff is entitled to double her actual damages, as well as attorney's fees and costs. These actual damages include, but are not limited to, the amount paid for the vehicle, lost wages, physical sickness, loss of sleep, worry, aggravation, stress, humiliation, anxiety, anger, fear, frustration, inconvenience, and mental suffering.

43.  Due to the willful and malicious nature of Defendant's actions, Plaintiff is also entitled to three times the actual damages award in punitive damages and hereby requests same.

## COUNT FIVE
### Breach of the Implied Warranty of Merchantability

44.  Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 43 as if set forth fully herein.

45.  A warranty that the vehicle was merchantable was implied in the contract entered into between Plaintiff and Defendant.

46.  For the vehicle to be merchantable, it must be of fair average quality within the description of the vehicle and be fit for the ordinary purpose for which the vehicle is used. The vehicle must pass without objection within the trade.

47. The vehicle sold to Plaintiff was not merchantable as it has an inaccurate odometer.

48. Therefore, Defendant breached the implied warranty of merchantability when it sold the vehicle to Plaintiff.

49. Said implied warranty was not expressly disclaimed by Defendant. To the extent that Defendant claims to have disclaimed said warranty, Defendant's extension of a service contract at the time of sale of the vehicle invalidated said disclaimer.

50. Due to Defendant's breach, Plaintiff seeks the difference between vehicle received by Plaintiff and the value of the vehicle as represented by Defendant.

51. Plaintiff also seeks incidental and consequential damages as allowed by S.C. Code Ann. §36-2-715.

## COUNT SIX
### Fraud

52. Plaintiff hereby adopts, to the extent same are consistent with the allegations contained herein, all of the allegations set forth in paragraphs 5 through 51 as if set forth fully herein.

53. Defendant expressly represented to Plaintiff that the Vehicle had 193,043 miles on it

54. Defendant's representation was false. The vehicle had 200,000 miles on it as of February, 2020.

55. Defendant's representation was material. Defendant's representation would have been viewed by a reasonable person as significant and as having played a role in Plaintiff's decision to purchase the Vehicle.

56. Defendant knew of its representation's falsity or recklessly disregarded the truth or falsity of said representation.

57. Defendant intended for Plaintiff to act on its misrepresentation.

58. Plaintiff was not aware of the falsity of Defendant's representation.

59. Plaintiff relied upon the truth of Defendant's representation when purchasing the Vehicle.

60. Plaintiff had a right to rely on Defendant's representation.

61. Plaintiff has suffered injury and damages due to Defendant's fraud and is entitled to recover actual damages, including but not limited to, the amount paid for the vehicle, lost wages, physical sickness, loss of sleep, worry, aggravation, stress, humiliation, anxiety, anger, fear, frustration, inconvenience, and mental suffering. Plaintiff also seeks punitive damages for Defendant's fraud.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant for the following:

A. For triple her actual damages or a statutory award of $10,000, whichever is greater, plus attorneys' fees and costs for Defendant's violations of the Motor Vehicle Information and Costs Savings Act;

B. For actual damages and attorneys' fees and costs for Defendant's violation of the Magnuson-Moss Warranty Act;

C. For actual damages, trebled due to Defendant's willfulness, as well as attorneys' fees and costs, pursuant to S.C. Code Ann. §39-5-140, for Defendant's violations of the South Carolina Unfair Trade Practices Act;

D. For two times Plaintiff's actual damages, three times Plaintiff's actual damage award as punitive damages, as well as attorney's fees and costs, for Defendant's violations of the South Carolina Dealer's Act, S.C. Code Ann. §56-15-100;

E. For the difference of the value of the vehicle as warranted versus the value of the vehicle as provided to Plaintiff for Defendant's violations of the South Carolina Uniform

Commercial Code, or in the alternative, for the market value of the vehicle less the value of the vehicle received; for Defendant's Breach of Implied Warranty of Merchantability;

  F. For incidental and consequential damages for Defendant's Breach of Implied Warranty of Merchantability,

  G. For actual and compensatory damages for Defendant's violation of South Carolina common law as set forth herein;

  H. For punitive damages, where available, for Defendant's violations of South Carolina common law as set forth herein;

  I. For this matter to be heard by a jury; and

  J. For such other and further relief as this Court deems necessary and proper.

          /s/ William K. Geddings
          Penny Hays Cauley, Fed ID No. 10323
          William K. Geddings, Fed ID No. 12584
          Attorneys for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
1303 West Evans Street
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com
will@hayscauley.com

      **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

          /s/ William K. Geddings
          Of Counsel

**DEFENDANT TO BE SERVED VIA CERTIFIED MAIL**

GGM Auto Sales, LLC
c/o Lurline Logan _ Registered Agent
969 A Harbor View Rd.
Charleston, SC 29412